WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL C. BAUERLEIN, surviving natural father of BROOKE LYNNE BAUERLEIN, deceased minor, individually and on behalf of all wrongful death beneficiaries, including SHANNON BAUERLEIN, surviving mother of BROOKE LYNNE BAUERLEIN, deceased minor; and PATRICIA JOELEE BAUERLEIN, through MICHEAL C. BAUERLEIN, her natural parent and next friend,<br><br>       Plaintiffs,<br><br>v.<br><br>EQUITY RESIDENTIAL PROPERTIES MANAGEMENT CORPORATION, an Illinois Corporation d/b/a LA MARIPOSA; LOTUS & WINDOWARE, INC., a California Corporation; JUMBO SURPLUS CORPORATION, a Taiwanese Corporation; JOHN and JANE DOES I-X; and BLACK and WHITE CORPORATIONS/ PARTNERSHIPS I-X,<br><br>       Defendants. | NO.  CV04-1904-PHX-SMM<br><br>**ORDER** |

   Pending before the Court is Plaintiffs' Second Motion for Extension of Time to Serve Defendant Jumbo Surplus Corporation with Complaint ("Motion to Extend") (Doc.

No. 117), Defendants' (Equity Residential Properties Management Corp. and Lotus & Windoware, Inc.) Response to Plaintiffs' Motion to Extend (Docs. No. 118, 120), and Plaintiffs' Reply to Defendants' Response (Doc. No. 121). Considering the arguments made in the foregoing documents, the Court issues the following Order.

**FACTUAL BACKGROUND**

This an action for the alleged wrongful death of Brooke Lynne Bauerlein. Plaintiffs allege that defendant Equity Residential Properties Management Corporation ("Equity") owned, operated, or managed apartments, including an apartment rented to Plaintiffs where Brooke Lynne Bauerlein suffered fatal injuries. Plaintiffs further allege that Equity installed and/or allowed to be installed the mini-blind/corded window covering product in the apartment Plaintiffs rented. Defendants Lotus & Windoware, Inc. ("Lotus") and Jumbo Surplus Corporation ("Jumbo") allegedly manufactured and/or distributed the mini-blind containing the cord which wrapped around Brooke's neck and strangled her.

Upon information and belief, Plaintiffs allege that Jumbo is located in Taiwan. On June 22, 2005, the Court granted Plaintiffs an extension of time to serve Defendant Jumbo with the Complaint until September 6, 2006 (Doc. No. 45). Because Defendant Jumbo is a foreign corporation, Plaintiffs are attempting service of process through letters rogatory pursuant to Federal Rule of Civil Procedure 4(f)(2)(B). Plaintiffs filed several Motions with the Court requesting the issuance of letters rogatory, the first of which was made on October 20, 2005. (Docs. No. 75, 81, 87). On April 14, 2006, the Court granted Plaintiffs' Motion

for Issuance of Letters Rogatory (Doc. No. 89). On May 24, 2006, the Court signed the Letters Rogatory, and then forwarded the documents to the State Department (Doc. No. 117 at 3). On June 27, 2006, Plaintiffs filed a second Motion to Extend, requesting that the Court extend the deadline for service by six months (Doc. No. 117). Defendant Equity filed a Response to Plaintiffs' Motion to Extend on July 7, 2006 (Doc. No. 118). On July, 12, 2006, Defendant Lotus joined in Defendant Equity's Response. In their Response, Equity and Lotus do not oppose extending the deadline to serve Jumbo (doc. No. 118 at 1), however, they argue that if an extension is granted, the proceedings should be stayed until Jumbo is served (Doc. No 118 at 2). Plaintiffs filed a Reply to Defendants' Response on July, 14. 2006 (Doc. No. 121).

## DISCUSSION

### I. Plaintiff's Motion to Extend

In deciding whether to extend the prescribed time period for service of a summons and complaint, a court must extend the time period upon a showing of good cause. In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001); Matasareanu v. Williams, 138 F.R.D. 242, 245-46 (C.D. Cal. 1998) (interpreting the good cause provision of Rule 4(m)). Good cause has been defined, "at a minimum, as 'excusable neglect.'" Electrical Speciality Co. v. Road and Ranch Supply, Inc., 967 F.2d 309, 312 (9th Cir. 1992) (applying this definition to Rule 4(m)'s predecessor, Rule 4(j)) (citation omitted). Courts determine whether good cause exists "on a case by case basis." In re Sheehan, 253 F.3d at 512.

In this case, the Court finds that Plaintiffs have established good cause to extend the deadline previously granted by the Court to complete service on Defendant Jumbo. First, Plaintiffs have diligently sought to effect service since October 20, 2005 when they filed their first request for issuance of letters rogatory (Doc. No. 75) and have provided the Court with a timely Motion to Extend.[1]  Second, despite Defendants' assertions to the contrary, granting an extension will not result in prejudice to the Defendants.  Equity and Lotus cryptically assert that if an extension is granted without an accompanying stay, they will be "forced to permit Jumbo . . . to duplicate their discovery efforts, or Jumbo . . . will be prejudiced preparing for trial" (Doc. No. 118).  Defendants fail to explain how staying the proceeding will mitigate duplicative discovery, and, in the absence of explanation from Defendants, the Court will not speculate about the possible meanings of this statement.   Further, the Court does not find that Jumbo will be prejudiced preparing for trial in the absence of a stay.  The Court has the power to extend discovery upon proper proof and request pursuant to Federal Rule of Civil Procedure 16.  The Court finds it is more appropriate to address whether such an extension of the discovery period is warranted if and when Jumbo actively enters the litigation.  Finally, although Defendants will not be prejudiced by this extension of time, Plaintiffs would be severely prejudiced if they were not permitted to effect a form of service necessary in order to make any resulting judgment enforceable in both the United States and Taiwan.  See In

---

[1] Plaintiffs' Motion to Extend (Doc. No. 117) was filed on June 27, 2006, well in advance of the September 6, 2006 deadline (Doc. No. 45).

1  re Sheehan, 253 F.3d at 512 (To constitute "good cause," a plaintiff may be required to

2  show that "'(a) the party to be served received actual notice of the lawsuit; (b) the

3,4  defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his

5  complaint were dismissed.'") (citation omitted).  Thus, Plaintiffs' Motion to Extend for

6  six months will be granted.

## II. Defendants' Request to Stay Proceedings

The United States Supreme Court recognized long ago that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  See Landis v. North American Co., 299 U.S. 248, 254-55 (1936); see also CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) ("A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants. The exertion of this power calls for the exercise of a sound discretion.").  In determining whether to issue a stay, the Ninth Circuit instructs a district court to weigh competing interests:

> Among these competing interest are the possible damage
> which may result from the granting of a stay, the hardship or
> inequity which a party may suffer in being required to go
> forward, and the orderly course of justice measured in terms
> of the simplifying or complicating of issues, proof, and
> question of law which could be expected to result from a

stay.

CMAX, Inc., 300 F.2d at 268 (citing Landis, 299 U.S. at 254-55).  The burden is on the party seeking a stay to demonstrate a clear hardship or inequity if the present action moves forward, to address the injury done to the opposing party, and to evaluate the public interest, including the judiciary's interests in efficiency, economy, and fairness.  See generally Landis, 299 U.S. at 255; CMAX, Inc., 300 F.2d at 268-69.

In the present case, neither the general rules governing stays of pending litigation nor the Defendants' reasons for a stay militate in favor of staying this action.  First, Plaintiffs would be severely prejudiced if they were not permitted to effect a form of service necessary in order to make any resulting judgment enforceable in both the United States and Taiwan.  Second, as noted above, Defendants have not demonstrated that they would be similarly prejudiced.  See generally Landis, 299 U.S. at 255; CMAX, Inc., 300 F.2d at 268-69.  Defendants Lotus and Equity assert in conclusory form only that granting the extension without a stay would prejudice Defendant Jumbo (Doc. No. 120 at 2).  If Defendants are concerned about Jumbo's opportunity to conduct discovery or prepare for trial, however, the Court has the power to extend discovery upon proper proof and request.  See FED. R. CIV. P. 16.  Moreover, Defendant Jumbo has most likely received notice of the litigation, as evidenced by the documents sent to their legal counsel and the active participation of their distributor, Lotus, in this lawsuit.  Consequently, Defendants have not met their burden of showing hardship or inequity.  Id.  Third, although Defendants assert that not granting a stay would force Equity and Lotus to permit Jumbo to duplicate their discovery efforts, Defendants fail to explain this statement or how allowing Jumbo to duplicate their discovery efforts would burden them.  Finally, the Court must consider the possibility that Jumbo may never be properly served.  In this situation, the federal judiciary's interest in efficiency and fairness will be better

served by letting the case proceed rather than delaying the case for a Defendant that may never enter the litigation. For the preceding reasons, the Court will deny Defendants' request to stay the proceedings until Defendant Jumbo answers or the time period for an answer expires.

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Plaintiffs' Second Motion for Extension of Time to Serve Defendant Jumbo Surplus Corporation with Complaint (Doc. No. 117).

**IT IS FURTHER ORDERED** that the time for service of the Summons and Complaint upon Defendant Jumbo Surplus Corporation shall be extended for a period of six months, up to and including March 6, 2007.

**IT IS FURTHER ORDERED DENYING** Defendants' request to stay litigation until Defendant Jumbo answers or the answer period expires.

DATED this 26th day of July, 2006.

Stephen M. McNamee
United States District Judge