WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL C. BAUERLEIN, surviving natural father of BROOKE LYNNE BAUERLEIN, deceased minor, individually and on behalf of all wrongful death beneficiaries, including SHANNON BAUERLEIN, surviving mother of BROOKE LYNNE BAUERLEIN, deceased minor; and PATRICIA JOELEE BAUERLEIN, through MICHEAL C. BAUERLEIN, her natural parent and next friend,<br><br>                    Plaintiffs,<br><br>v.<br><br>EQUITY RESIDENTIAL PROPERTIES MANAGEMENT CORPORATION, an Illinois Corporation d/b/a LA MARIPOSA; LOTUS & WINDOWARE, INC., a California Corporation; JUMBO SURPLUS CORPORATION, a Taiwanese Corporation; JOHN and JANE DOES I-X; and BLACK and WHITE CORPORATIONS/ PARTNERSHIPS I-X,<br><br>                    Defendants. | NO.  CV04-1904-PHX-SMM<br><br>**ORDER** |

Pending before the Court is Defendant/Cross-Defendant/Cross-Claimant Jumbo Surplus Corporation's  (Jumbo") Motion for Leave to Amend its Affirmative Defenses

1  (Doc. 190).  Jumbo seeks to amend its Amended Answer to the Second Amended

2  Complaint and Affirmative Defenses to add the following affirmative defenses:

3
4
- **25.  As an affirmative defense, Defendant alleges that this Court does not have personal jurisdiction over Jumbo.**

5
6
7
- **29.  As an affirmative defense, Defendant alleges that it is not liable to the Plaintiffs in this matter as Jumbo's manner of work with regard to the subject product was done strictly in compliance with specifications provided by other entities and by this following of specifications, Jumbo is not liable to Plaintiffs.**

8
9
- **30.  As an affirmative defense, Defendant alleges, pursuant to A.R.S. § 12-551 and all applicable or related statutes of repose and limitation, that Plaintiffs' action is barred by the statute of limitations.**

10  Proposed Second Amended Answer (Doc. 190-2).

11  On July 7, 2005, Plaintiff was granted leave to file its Second Amended

12
13  Complaint in this action wherein Plaintiff named Jumbo as a Defendant, among other

14  Defendants in the wrongful death claim of Brooke Bauerlein.  According to the record,

15  Plaintiff first attempted service on Jumbo pursuant to Fed.R.Civ.P.4, however Jumbo did

16  not voluntarily appear.[1]  Thereafter, on December 8, 2006, after obtaining international

17
18  service on Jumbo, Jumbo filed its Answer and affirmative defenses.  (Doc. 160).

19  Jumbo's Answer did not raise the defense of lack of personal jurisdiction.  Nor did

20  Jumbo raise the defense of lack of personal jurisdiction at that time by filing a motion

21  pursuant to Fed.R.Civ.P.12.  (Doc. 160).  On December 20, Jumbo filed an Amended

22
23  Answer without Motion for Leave.  Once again, Jumbo did not raise the defense of lack

24  of personal jurisdiction. (Doc. 165). On March 27, more than three months subsequent

25  to filing its Amended Answer, Jumbo filed the pending motion seeking leave to amend

26  _____
   [1] A copy of the letter and proof of receipt is included in the record.

its Answer. An objection to personal jurisdiction must be raised as an affirmative defense in the Answer or by motion prior to the filing of the Answer. Fed.R.Civ.P.12(b). Consequently, permitting Jumbo to amend its Answer to add the affirmative defense of lack of personal jurisdiction when Jumbo failed to raise the defense in a pre-Answer motion or its first responsive pleading, would contravene the Federal Rules of Civil Procedure and effectively render Fed.R.Civ.P. 12(h) as it relates to personal jurisdiction meaningless.[2]

Therefore, Jumbo's Motion for Leave to Amend (Doc. 190) as it pertains to the affirmative defense of lack of personal jurisdiction (paragraph 25) is **DENIED**.

As to Jumbo's request to add affirmative defenses paragraphs 29 and 30, the Court finds no objection with this request. Rule 15(a) provides that "leave will be freely given when justice requires". In its opposition, Plaintiff raised no objection with regard to Jumbo's proposed affirmative defenses paragraphs 29 and 30. Therefore, the Court finds that justice requires the Court to **GRANT** Jumbo's Motion for Leave to Amend (Doc. 190) as it pertains to paragraphs 29 and 30.

Accordingly,

**IT IS HEREBY ORDERED** that Jumbo's Motion for Leave to Amend its

---

[2] Furthermore, the Court finds that Jumbo waived the defense of lack of personal jurisdiction by making an appearance in the case. Defendants can waive the defect of lack of personal jurisdiction by appearing generally without first challenging the defect in a preliminary motion. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)*(citing Amen v. Dearborn*, 532 F.2d 554, 558, n.7 (6th Cir. 1976))(Jurisdiction attaches if a defendant makes a voluntary general appearance, as by filing an answer through an attorney).

Affirmative Defenses (Doc. 190) is **DENIED** in part and **GRANTED** in part.

**IT IS FURTHER ORDERED GRANTING** Jumbo's Motion for Leave to Amend its Affirmative Defenses (Doc. 190) as to paragraphs 29 and 30 of Jumbo's proposed Second Amended Answer to Plaintiffs' Second Amended Complaint (Doc. 190-2).

**IT IS FURTHER ORDERED DENYING** Jumbo's Motion for Leave to Amend its Affirmative Defenses (Doc. 190) as to paragraph 25 of Jumbo's proposed Second Amended Answer to Plaintiffs' Second Amended Complaint (Doc. 190-2).

DATED this 2nd day of April, 2007.

_____
Stephen M. McNamee
United States District Judge