**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL C. BAUERLEIN, et al., | No. CIV 04-1904-PHX-SMM |
| Plaintiffs, | **MEMORANDUM OF DECISION AND ORDER** |
| vs. | |
| EQUITY RESIDENTIAL PROPERTIES MANAGEMENT CORP.; et al., | |
| Defendants, | |

Pending before the Court is Plaintiff's Motion to Compel Defendants Equity and Lotus to Reimburse Plaintiff the Costs Associated With the April 13, 2007 Mediation.[1] (Doc. 199). After careful consideration, the Court issues the following ruling.

On June 19, 2006, Plaintiff Michael Bauerlein, his statutory beneficiaries and Defendants Equity and Lotus conducted the first mediation before Marc Appel in this matter. Defendant Jumbo had yet to enter its appearance at that time. The mediation was unsuccessful.

On February 22, 2007, the parties, including Jumbo, attended a Preliminary Pretrial Management Conference. Subsequently, the Court ordered that the parties conduct a second

---

[1] The Court will remind parties that all PDF documents must be created by a word processing program. **Failure to comply with local rules will result in the Court striking the document from the record**. *See* LRCiv 7.1(c)(Documents submitted for filing in the ECF System **shall** be in a Portable Document Format (PDF)...**documents shall be converted to PDF directly from a word processing program** (e.g., Microsoft Word® or Corel WordPerfect®), rather than created from the scanned image of a paper document.) LRCiv 7.1(c). (emphasis added)

mediation before May 1, 2007.  This mediation took place on April 13, 2007 before retired Justice of the Arizona Supreme Court, Thomas Zlaket (hereinafter "the mediator"). Those in attendance were Plaintiff Michael Bauerlein and his counsel, counsel for Plaintiff Shannon Bauerlein, counsel for Defendant Jumbo, counsel for Defendant Equity, Equity's representative Joel Davis, counsel for Defendant Lotus and Lotus' local insurance representative. This mediation, and the events that took place, are the subject of this Motion.    Plaintiffs contend that Defendants acted in bad faith by allowing Equity's representative with settlement authority, Joel Davis, to leave the mediation early. Shortly after Mr. Davis left, Lotus' local insurance representative with settlement authority, Howard, left the mediation. Plaintiff  was not made aware of Davis or Howard's departure until the mediator mentioned it. Plaintiff argues that had Defendants warned Plaintiffs' counsel they were only willing to attend for less than three hours, Plaintiff would not have agreed to the costs of bringing the mediator to Phoenix from Tucson and Plaintiffs' counsel would not have agreed to do such a short and limited mediation.

After careful consideration of the Plaintiff's motion and the Defendants' Response thereto, the Court finds that the reason for the unsuccessful mediation was not in fact bad faith, but was rather a culmination of factors such as a vast divergence of the estimates of the value of the claims; the fact that everyone was under the impression that Defendant Jumbo, a party not involved in the first mediation, intended to offer money toward settlement; the fact that Jumbo's counsel was not given settlement authority; and the fact that Jumbo would not pay any amount to settle based on the belief that it is essentially judgment proof as a Taiwanese corporation without any U.S. holdings.

Furthermore, in order to ease the minds of the Plaintiffs, neither Mr. Davis of Equity , nor Howard of Lotus simply left the mediation without conferring with the mediator and granting settlement authority to the appropriate individuals.  Mr. Davis  had notified the mediator of his flight situation and had been advised by the mediator that the case would not settle  based on the parties' individual evaluations of the claims because they were too far apart and had too divergent estimates of the value of their claims. Moreover, the mediator  was amenable to Mr. Davis leaving for his flight as long as Mr. Davis left Equity's counsel with authority to settle all claims, which he in fact did. With regard to Howard, Lotus's contends that he remained at the mediation for a

1 significant time after Mr. Davis departed, had attempted to negotiate a settlement, but because the
2 parties had reached an impasse, he decided to confer settlement authority upon counsel for Lotus
3 and to make himself available by telephone in the event that the attorneys and the mediator
4 believed that somehow they could overcome impasse.

5 The fact of the matter is that neither counsel nor mediators can ever truly foresee the exact
6 duration of a mediation. Part of agreeing to participate in mediation is knowing that it is a process
7 that may end at the occurrence of an impasse. Inevitably, when parties come to a point where the
8 estimates of the value of their claims are so divergent that the mediator does not foresee a
9 settlement, an impasse has occurred and often times a settlement cannot be reached. It is the Court's
10 finding that bad faith was not involved here, rather, an impasse occurred and settlement was
11 unattainable.[2]

12 Accordingly,

13 **IT IS HEREBY ORDERED DENYING** Plaintiff's Motion to Compel Defendants Equity
14 and Lotus to Reimburse Plaintiff the Costs Associated With the April 13, 2007 Mediation. (Doc.
15 199).

16 DATED this 22nd day of May, 2007.

_____
Stephen M. McNamee
United States District Judge

---

[2] The Court will refrain from commenting on the issue of the payment of lunch.

- 3 -