**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL C. BAUERLEIN, et al., | No. CIV 04-1904-PHX-SMM |
| Plaintiffs, | **MEMORANDUM OF DECISION AND ORDER** |
| vs. | |
| EQUITY RESIDENTIAL PROPERTIES MANAGEMENT CORP.; et al., | |
| Defendants, | |

Pending before the Court is Defendants' Motion in Limine to Exclude Evidence of Dissimilar Accidents. (Doc. 146). The motion is fully briefed and ripe for determination. After careful consideration, the Court issues the following ruling.

Plaintiffs seek to introduce evidence of three mini-blind related accidents which involve the strangulation of three children. In particular, Plaintiffs would like to introduce testimony of witnesses to three other accidents involving children who have been strangled by mini-blinds.

Defendants argue that the accidents are dissimilar to the case presently before the Court and therefore the evidence Plaintiffs seek to introduce of the accidents is irrelevant and should be excluded under the Federal Rules of Evidence.[1] Moreover, even assuming the evidence is relevant, the Defendants contend that the evidence is both misleading for the jury and

---

[1] "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Federal Rules of Evidence Rule 402, 28 U.S.C.A.

prejudicial such that the prejudicial effect of the testimony would substantially outweigh any possible probative value of the evidence thereby necessitating its exclusion under FRE 403, Federal Rules of Evidence[2]. "A 'showing of substantial similarity is required when a plaintiff attempts to introduce evidence of other accidents as direct proof of negligence, a design defect, or notice of the defect.'" *White v. Ford Motor Co.*, 312 F.3d 998, 1009 (9th Cir. 2002), quoting *Cooper v. Firestone Tire & Rubber Co.*, 945 F.3d 1103, 1105 (9th Cir. 1991).

Plaintiffs have disclosed witnesses to three other accidents, Nicole Walla, Jennifer Danks, David Matthews, and Marisa Kluth each of whom are parents of children who were strangled by mini-blinds that had pull cords in excess of 7-1/4 inches and did not have safety devices.[3] Plaintiffs have attached to their disclosure the Consumer Product Safety Commission's in-depth investigation ("IDI") for each of the three accidents. In two of the accidents which Plaintiffs intend to offer evidence, the mini-blinds at the time of injury had two separate pull cords, each ending in a separate tassel. The cords in question formed a loop and became tangled, thereafter resulting in the strangulation. Unlike the case before the Court, the loops in the unrelated cases were not created because someone had deliberately joined the cords in a single tassel to form a loop, instead they tangled together forming a loop. To admit evidence that children can **also** accidentally strangle if pull cords **unintentionally** become tangled may wrongly invite the jury to hold L&W liable on that basis regardless of the fact that this did not occur in the matter at hand. Moreover, the Court finds that the jury could easily be confused or misled into imposing liability on the mere basis of what *could* have happened rather than what *did* happen.

---

[2] "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Federal Rules of Evidence Rule 403, 28 U.S.C.A.

[3] The mini-blinds in the present case had pull cords in excess of 7-1/4 inches and were not manufactured or distributed with safety devices.

- 2 -

Evidence of the third accident of which Plaintiffs intend to offer evidence is the Kluth accident. It also had two separate mini-blind pull cords each ending in a separate tassel. The pull cord was knotted several times below the two separate tassels, however unlike the present case in which Mr. Bauerlein denies joining the pull cords to form a loop, Ms. Kluth told the CPSC investigator that she in fact "knotted the pull cord so that the blind would not extend any further." The Kluth mini-blind was a pleated fabric mini-blind (Bali Neat Pleat) unlike the one in this case, manufactured by a different manufacturer, and distributed by a different distributor. Moreover, unlike the undisputed facts of this case, there was no warning label on the bottom rail of the Kluth mini-blind. Whether or not the evidence related to this accident is relevant is of significant importance. The blinds were not manufactured or distributed by the Defendants in the case before the Court, the proximate causation issues are clearly distinguishable, and overall, the Court does not find that the evidence has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. [4]

Defendants have articulated numerous distinguishing factors between the case presently before the Court and the accidents from which Plaintiff's seek to draw evidence. Therefore, the Court finds that the accidents are not substantially similar enough to the facts and circumstances of this case. Thus, the evidence will be excluded as inadmissible under Rule 403 as unfairly prejudicial, confusing, and misleading.

Accordingly,

...

...

...

...

...

---

[4] "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rules of Evidence Rule 401, 28 U.S.C.A.

1  **IT IS HEREBY ORDERED GRANTING** Defendants' Motion in Limine to Exclude
2  Evidence of Dissimilar Accidents. (Doc. 146).
3  DATED this 24th day of May, 2007.

_____
Stephen M. McNamee
United States District Judge