**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL C. BAUERLEIN, surviving natural father of BROOKE LYNNE BAUERLEIN, deceased minor, individually and on behalf of all wrongful death beneficiaries, including SHANNON BAUERLEIN, surviving mother of BROOKE LYNNE BAUERLEIN, deceased minor; and PATRICIA JOELLE BAUERLEIN, through MICHAEL C. BAUERLEIN, her natural parent and next friend,<br><br>            Plaintiff,<br><br>vs.<br><br>EQUITY RESIDENTIAL PROPERTIES MANAGEMENT CORPORATION, an Illinois Corporation d/b/a/ LA MARIPOSA; LOTUS & WINDOWARE, INC., a California Corporation; JUMBO SURPLUS CORPORATION, a Taiwanese Corporation; JOHN and JANE DOES I-X; and BLACK and WHITE CORPORATIONS/PARTNERSHIPS I-X,<br><br>            Defendants. | CV-04-1904-PHX-SMM<br><br>**ORDER** |

Pending before the Court is Plaintiffs' (both Michael and Joelle, as well as Joinder by mother Shannon) Application for Damages against Co-Defendant Jumbo Surplus Corporation, Ltd. ("Jumbo Surplus") (Dkt. 293) filed pursuant to Rule 55 of the Federal Rules of Civil Procedure and the Local Rules of this Court.

1    Upon entry of default, a district court may enter default judgment under certain
2 circumstances, except against an infant or incompetent unless represented by a general
3 guardian, committee, conservator, or other individual who has appeared before the Court.
4 FED. R. CIV. P. 55(b)(2).  On June 6, 2008, the Court granted default judgment against Co-
5 Defendant Jumbo Surplus.  (Dkt. 290).  The default established Jumbo Surplus' liability to
6 Plaintiff.
7    In their application to the Court, Plaintiffs seek damages in the amount of three
8 million dollars ($3,000,000) exclusive of any setoffs and/or credits against defendant Jumbo
9 Surplus and for such other and further relief this Court deems just and equitable. (Dkt. 293
10 at ¶ 2).  In their affidavits, Plaintiffs allege that this amount is necessary to compensate for
11 emotional, funeral and death, and business-related damages associated with the death of the
12 victim.  However, because the Court does not find the damages amount to be easily
13 ascertainable from the Plaintiff's Application, an evidentiary hearing is necessary to
14 determine the specific amount of damages owed by Jumbo Surplus.  Plaintiffs shall provide
15 the Court with calculable amounts for counseling, funeral, business losses, and other
16 damages incurred as a result of the victim's death.
17    Accordingly,
18    **IT IS HEREBY ORDERED DENYING** Plaintiffs' Application for Damages against
19 Co-Defendant Jumbo Surplus Corporation, Ltd. (Doc. 293.)
20    **IT IS FURTHER ORDERED** that the Court will hold an evidentiary hearing on
21 **October 9, 2008 at 1:30 p.m.** to determine the proper amount of damages owed to Plaintiffs
22 by Co-Defendant Jumbo Surplus Corporation, Ltd.
23    DATED this 25th day of September, 2008.

Stephen M. McNamee
United States District Judge